UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JIMMIE C. PAMPKIN, | ) |
| | ) |
| Defendant. | ) |

OCT 2 8 2020

**U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
CAPE GIRARDEAU**

No. S2-4:19CR198 SNLJ

### GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Jimmie C. Pampkin, represented by defense counsel David

Bruns, and the United States of America (hereinafter "government"), represented by the Office of

the United States Attorney for the Eastern District of Missouri. This agreement does not, and is

not intended to, bind any governmental office or agency other than the United States Attorney for

the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the

defendant's voluntary plea of guilty to Counts I and II of the Superseding Indictment, the

government agrees to dismiss Count III at the time of sentencing. The government also agrees

that no further federal prosecution will be brought in this District relative to the defendant's

1

possession of a firearm or narcotics on March 2, 2019, of which the government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that such notice shall specify the legal and factual bases for the request.

### 3. ELEMENTS:

As to Count I, the defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:  (1) the defendant knowingly possessed fentanyl; and (2) the defendant intended to distribute some or all of the fentanyl to another person.

As to Count II, the defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further understands that the elements of the crime are:  (1) the defendant committed the crime of possession with the intent to distribute fentanyl; and (2) the defendant knowingly possessed a firearm in furtherance of that crime.

2

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On March 2, 2019, co-defendant Demarcus Chappel was driving a Dodge Challenger at a high rate of speed on the shoulder of Interstate 70 in the City of St. Louis. The defendant was the back seat passenger in the car and co-defendant Terran Vann was in the front passenger seat. The Challenger almost struck the side of an unmarked police vehicle. Officers used spike strips to attempt to stop the Challenger, however, Demarcus Chappel continued speeding down Highway 70 before stopping on an exit ramp. After Challenger stopped, all three of the occupants got out of the car and ran. An officer ordered the men to stop, however, they continued to flee.

Officers observed Demarcus Chappel running with guns in each of his hands. Vann also had a firearm in his possession. Chappel and Vann discarded the firearms on a grassy area near the overpass at Adelaide Avenue and Highway 70. The defendant, Demarcus Chappel, and Terran Vann were all taken into custody and brought back to the car and searched incident to arrest. Chappel had a clear plastic bag containing 105 clear capsules in his right front pants pocket, analyzed to contain 9.05 grams of fentanyl. Vann had a clear plastic bag containing 36 clear capsules in his left front pants pocket, analyzed to contain 3.13 grams of fentanyl. Vann also had a small black .40 caliber magazine in a satchel that was across his chest.

The defendant had a clear plastic bag containing 37 clear capsules with white powder, in his right front pants pocket, analyzed to contain 3.17 grams of fentanyl. The defendant also had multiple round white tablets and three live cartridges in a satchel he was carrying.

3

One of the detectives seized the following firearms from the grassy area: (1) a Glock 27 .40 caliber handgun loaded with 25 live cartridges in an extended magazine and an additional live cartridge in the chamber; (2) a Glock 23Gen4 .40 caliber firearm containing 29 live cartridges in a black drum magazine and an additional live cartridge in the chamber; and (3) a Glock 23 .40 caliber firearm containing 23 live cartridges in an extended magazine and an additional live cartridge in the chamber.

At trial, the government would present testimony that it is common for drug dealers to carry weapons in order to protect their narcotics and the proceeds from drug sales. Furthermore, the defendant intended to distribute some or all of the fentanyl found in his possession.

## 5. STATUTORY PENALTIES:

As to Count I: The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than twenty years, a fine of not more than $1,000,000, or both such imprisonment and fine. The court shall also impose a period of supervised release of at least three years.

As to Count II: The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not less than five years, a fine of not more than $250,000, or both such imprisonment and a fine. The sentence imposed pursuant to Count II shall run consecutively to any term of imprisonment imposed in Count I.

## 6. U.S. SENTENCING GUIDELINES: 2018 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal

4

History Category. The parties agree that the 2018 U.S. Sentencing Guidelines apply to the charges to which the defendant is pleading guilty, however, the parties do not agree as to the calculation of the guidelines.

### a. Chapter 2 Offense Conduct:

#### (1) Count I:

##### (a) Base Offense Level: The parties agree that the base offense level is found in Section 2D1.1, however, do not agree as to the total quantity of fentanyl for which the defendant is accountable. The government will submit its recommendations as to the base offense level in a separate document.

##### (b) Specific Offense Characteristics: none.

### b. Chapter 3 Adjustments:

#### (1): There are no guidelines recommendations as to Chapter 3 adjustments. The government will submit its recommendations as to Chapter 3 Adjustments in a separate document.

#### (2) Acceptance of Responsibility: The parties agree that two levels should be deducted pursuant to Section 3E1.1(a), because the defendant has clearly demonstrated acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

5

**d.   Estimated Total Offense Level:**   In the absence of any agreed-upon guidelines recommendations, the Total Offense Level is unknown.

**e.   Count II, Possession of a Firearm in Furtherance of a Drug Trafficking Crime:** The guideline sentence for a violation of Title 18, United States Code, Section 924(c) is found in Section 2K2.4.  The guideline sentence is the term of imprisonment required by statute, which in his case is imprisonment of not less than five years consecutive to any other sentence imposed. Chapter 3 Adjustments do not apply.

**f.   Criminal History:**   The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.   The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**g.   Effect of Parties' U.S. Sentencing Guidelines Analysis:**   The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.  OTHER:**

**a.  Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

6

**b.  Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c.  Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   These conditions will be restrictions on the defendant to which the defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished.

**d.  Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which the defendant agrees to pay at the time of sentencing.  Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.  Possibility of Detention:**  The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f.  Fines and Costs of Incarceration and Supervision:**  The Court may impose a fine, costs of incarceration and costs of supervision.  The defendant agrees that any fine imposed by the Court will be due and payable immediately.

7

**g.  Forfeiture:**  The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

## 8. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 9. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 10. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported

9

by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 11.  NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement.

10/6/2020
_____
Date

JEANNETTE S. GRAVISS, #44483(MO)
Assistant United States Attorney

10-05-70
_____
Date

JIMMIE C. PAMPKIN
Defendant

10/5/20
_____
Date

DAVID BRUNS
Attorney for Defendant

10